In the Matter of JOHN F. MCGARL, an Attorney, Respondent. BAR ASSOCIATION OF ERIE COUNTY, Petitioner.

Fourth Department, January 15, 1970.

*John B. Walsh* for petitioner.

*John M. Tubridy* for respondent.

*Per Curiam.* Respondent was admitted to practice law in this State in September, 1942. In disciplinary proceedings instituted

by the Bar Association of Erie County, the petition contains specific charges of improprieties and the Referee has found with reference to the charges that respondent on or about May 4, 1966 without the permission of his client Mary A. Hess, commingled the funds of the client in the amount of $5,219.85 with his own personal funds and converted them to his own use.

At the hearing before the Referee respondent conceded his personal use of $5,219.85 of the payments due his client as seller in a real estate transaction, and which he delayed transmitting to her for a period of over three years, but sought to defend the propriety of his conduct by characterizing the funds so used as a loan. Respondent's position finds no support in the record other than his own testimony and is at complete variance with the testimony of the client and the extensive correspondence between her and respondent, with numerous letters being exchanged between them. While it appears a friendly social relationship had existed between them for some years no suggestion appears at any time in any of the correspondence or in the conduct of the parties that any of the proceeds of the real estate sale be treated as a loan.

The record amply sustains the findings of the Referee and we find that the respondent violated canons 11, 29 and 32 of the Canons of Professional Ethics, and sections 1290 and 1294 of the Penal Law.

The report of the Referee should be confirmed and the respondent should be disbarred.

GOLDMAN, P. J., MARSH, WITMER, MOULE and HENRY, JJ., concur.

Order of disbarment entered.